## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HANOVER AMERICAN INSURANCE COMPANY** | * | **CIVIL ACTION NO.:** |
| **VERSUS** | * | **SECTION _____** |
| **BRYAN GIBBS, BRANDON GIBBS, TRENEKA YOUNG, JONATHAN NORMAN AND JODY WALKER** | * | **MAGISTRATE _____** |

## COMPLAINT FOR DAMAGES, ATTORNEY'S FEES, TREBLE DAMAGES AND TRIAL BY JURY

The complaint of Hanover American Insurance Company, (hereinafter referred to as "Hanover" or "plaintiff"), an insurance corporation incorporated in the State of New Hampshire, with its principal place of business located at 440 Lincoln Street, Worcester, MA 01653, and authorized to do and doing business in the State of Louisiana, respectfully represents:

1.

This is an action arising under 18 U.S.C. §1961, *et seq*., 18 U.S.C. §1964 and 18 U.S.C. §1341, §1343, and as such arises under the original jurisdiction of this court pursuant to 28 U.S.C. §1331.

2.

Jurisdiction further exists in this court under 28 U.S.C. §1332 as the suit is between citizens of different states, and the amount in controversy exceeds $292,000, far more than the minimum requisite for subject matter jurisdiction in diversity cases.

1

3.

Pursuant to 28 U.S.C. §1391 and 18 U.S.C. §1965, venue is appropriate in this court as the incidents occurred within this district, and the defendants reside within the district.

4.

Made defendants herein are:

a) BRYAN GIBBS, an individual of the age of majority and resident of Tangipahoa Parish, Louisiana;

b) BRANDON GIBBS, an individual of the age of majority and resident of Tangipahoa Parish, Louisiana;

c) TRENEKA YOUNG, an individual of the age of majority and resident of Tangipahoa Parish, Louisiana;

d) JONATHAN NORMAN, an individual of the age of majority and resident of Tangipahoa Parish, Louisiana; and

e) JODY WALKER, an individual of the age of majority and resident of Tangipahoa Parish, Louisiana.

5.

Brandon Gibbs and Bryan Gibbs are cousins, and they, together with other members of their family, neighbors and friends, are an association in fact, engaged in a pattern of racketeering activity; as such they constitute an "enterprise" within the meaning of 18 USC 1961(1).

6.

This association in fact, hereinafter referred to as "the Gibbs Family Enterprise", includes (1) Brandon Gibbs, (2) Brandon's cousin Bryan Gibbs, (3) Bryan's girlfriend, Treneka Young, (4) Jody Walker, a friend and neighbor, and (5) Jonathan Norman, a friend and cousin to Jody

2

Walker.  A co-conspirator, Shekeisha Nelson, participated in the racketeering activity but her relationship to the enterprise is unknown at this time.

7.

The racketeering activity which the Gibbs Family Enterprise engaged in for over a decade was fraud which targeted the automobile insurance industry.

8.

All of the plaintiffs to the Tangipahoa suit have been involved in numerous prior accidents and brought numerous prior claims.  Upon information and belief, many or all of these claims resulted from fraudulent or staged accidents.

9.

Upon information and belief, Brandon Gibbs has been involved in accidents/incidents occurring on December 13, 2002, May 24, 2004, November 29, 2004, April 5, 2005, March 27, 2006, October 25, 2006, March 24, 2008, January 23, 2010, February 23, 2010, February 21, 2011, June 20, 2011, August 6, 2011, March 13, 2013, January 17, 2014, and March 19, 2014, all of which resulted in claims.

10.

Upon information and belief, Bryan Gibbs has been involved in accidents/incidents occurring on April 5, 2005, November 30, 2008, and February 21, 2011 that resulted in claims.

11.

Upon information and belief, Treneka Young has been involved in accidents/incidents occurring on April 5, 2005, September 2, 2005, December 17, 2005, October 25, 2006, November 27, 2006, and February 21, 2011, that resulted in claims.

12.

In the accident that occurred on or about April 5, 2005, Bryan Gibbs, Brandon Gibbs, Treneka Young, and Margaret Gibbs were passengers in the same vehicle and all brought personal injury claims following a rear-end accident.

13.

On or about November 29, 2004, Shekeisha Nelson was driving a vehicle in a parking lot of a fuel station near Hammond, LA, that allegedly was run off of the parking lot by another unknown vehicle, causing it to strike a steel post. The other vehicle fled the scene and was never located. The allegedly injured passenger in that vehicle was Brandon Gibbs, who brought a personal injury claim.

14.

Then, on or about March 27, 2006, Brandon Gibbs was involved in an accident while driving a 1985 Pontiac Bonneville and brought a personal injury claim. Upon information and belief, the vehicle that Gibbs was driving at the time of this accident was owned by Shekeisha Nelson.

15.

Then, on or about October 25, 2006, Brandon Gibbs rear ended another vehicle in Tangipahoa Parish, Louisiana. Two of the three allegedly injured claimants in the other vehicle were the driver, Shekeisha Nelson, and one of Nelson's passengers, Treneka Young.

16.

Then, on March 21, 2007, Shekeisha Nelson was involved in another alleged accident wherein an unknown vehicle struck her vehicle in a parking lot of a fuel station and fled the scene. One of the passengers in Nelson's vehicle was Brandon Gibbs, who had allegedly rear-

4

ended her vehicle less than five months earlier. Gibbs brought a personal injury claim against State Farm as a result of injuries that he allegedly sustained. Thus, Nelson and Gibbs were involved in their fourth accident together, and their second in which the alleged accident occurred in the parking lot of a gas station where the other driver fled the scene.

17.

On November 27, 2006, Young reported that her 2002 Nissan Altima had been stolen two days earlier. She claimed that she was visiting New Orleans for the Bayou Classic football game. She went into a club and her car was missing when she came out.  She made an insurance claim for the stolen vehicle.

18.

Almost exactly two years later, on November 30, 2008, Bryan Gibbs (Treneka Young's boyfriend) reported that his 2007 GMC Yukon had been stolen.  Gibbs was in New Orleans, Louisiana, for the Bayou Classic football game. He claims that the Sheraton Hotel parking lot was full, so he parked his car a few blocks away. When he returned the next morning, the vehicle was gone.  He made an insurance claim for the stolen vehicle.

19.

On March 29, 2009, Jody Walker was involved in an alleged accident in which a truck had allegedly ran him off of the road and into a ditch.  One of the passengers in Walker's vehicle was Brandon Gibbs. Mr. Walker was the insured/driver and insured by GMAC Insurance Company.  Brandon Gibbs brought a personal injury claim as a result of that accident.

20.

On January 23, 2010, Brandon Gibbs brought another claim as a result of a purported motor vehicle accident and brought a personal injury claim against Progressive Insurance Company.

21.

On February 23, 2010, Brandon Gibbs and Tiara Gibbs (sister of Bryan Gibbs) brought claims against State Farm as a result of another alleged hit-and-run.

22.

Upon information and belief, Brandon Gibbs, Bryan Gibbs, and Treneka Young submitted insurance claims to various insurance companies that were frequently paid by those insurance companies.

23.

Defendants prosecuted these claims against automobile insurance carriers through means of the United States mail, private interstate mail carriers, facsimile transmissions and telephonic communications, in violation of 18 USC 1341 and 1343.

24.

The foregoing actions, accidents and claims led to a claim against plaintiff Hanover resulting from an alleged "accident" that occurred on February 21, 2011.   Defendants are indebted to plaintiff, Hanover, for the following.

25.

Defendants Bryan Gibbs, Brandon Gibbs, and Treneka Young have filed a civil lawsuit against plaintiff Hanover in the Twenty First Judicial District Court for the Parish of Tangipahoa, Louisiana, entitled *"Bryan Gibbs, Brandon Gibbs and Treneka Young vs. The Hanover*

*Insurance Company, Jim Carey Distributing Company and Jody Walker"*, No. 2011-0004151 on the docket of that court. The suit alleges an unwitnessed automobile accident which allegedly occurred on February 21, 2011. They allege therein that a vehicle containing Bryan Gibbs, Brandon Gibbs, Treneka Young and Jonathan Norman was allegedly hit from the rear by a vehicle operated by Jody Walker, allegedly causing personal injuries to the defendants. That action will be hereinafter referred to as the "Tangipahoa suit".

26.

During the course of that action, Hanover has taken the defendants' depositions, and investigation has ensued which reveals that that the plaintiffs in the Tangipahoa suit have lied under oath and conspired with defendant driver Jody Walker to stage the accident and/or the consequences of the alleged accident that is the subject of that suit.

27.

In their depositions, Brandon Gibbs, Bryan Gibbs, and Treneka Young denied knowing defendant driver Jody Walker prior to the February 21, 2011, "accident." Hanover avers that this testimony was intentionally false and made for the purpose of defrauding plaintiff.

28.

The plaintiffs in the Tangipahoa suit clearly knew Jody Walker prior to the February 21, 2011, "accident."

29.

The plaintiffs in the Tangipahoa suit and Jody Walker live near each other in Tangipahoa Parish and attended high school together. In Bryan Gibbs' October 30, 2012 deposition he testified that he resided for most of his life at 25720 McCarroll Rd, his father, Jerry E. Johnson's, home. Bryan Gibbs testified that he and Treneka Rose Young plaintiff/passenger and mother of

his child, Bryana Gibbs also resided together at that residence.  Jody Walker and his mother, Betsy Walker, lived at 25619 McCarroll Rd., Springfield, LA 70462, practically next door to Bryan Gibbs and Treneka Young.  Additionally, Bryan Gibbs lived at 26105 Haynes Settlement Road, Springfield, LA 70462 from at the very minimum 2007 through 2012.  Julia W. Walker and Jessie Earl Walker-deceased, the grandparents of Jody Walker, resided at 26940 Haynes Settlement Road, Springfield, LA.  Margaret Gibbs, mother of Bryan Gibbs, also resided at 20005 Haynes Settlement Road, Springfield, LA 70462. Brandon Gibbs and Bryan Gibbs resided at 15169 Haynes Settlement Road based on claim documents obtained in the Tangipahoa case.

30.

Further, the plaintiff/driver, Bryan Gibbs, and the driver/defendant, Jody Walker, attended Springfield High together at the same time and played on the same basketball team.

31.

Further, on July 16, 2000, plaintiffs, Bryan Gibbs and Brandon Gibbs were arrested in the Parish of East Baton Rouge.  Case No. B07-00-0617 was filed on July 20, 2000 and both were charged with four (4) counts of Simple Burglary, Simple Criminal Damage to Property. Bond was set in this case at $25,000.00.  Jessie Earl Walker and Julia Walker posted $25,000.00 bond on behalf of Bryan Gibbs on July 19, 2000.  Jessie Earl Walker (now deceased) and Julia Walker are the grandparents of driver Jody Walker, the allegedly negligent defendant in the Tangipahoa suit.

32.

On January 20, 2009, an Application for Forfeiture was filed by the District Attorney for Livingston Parish in Case No 122635.  This suit was entitled State of Louisiana versus Bryan R. Gibbs.  This proceeding arose out of a criminal felony guilty plea by Bryan Gibbs to possession

with intent to distribute cocaine.  In this proceeding, Detective Jimmy Speyrer personally served Mr. Bryan Gibbs with Affidavit of Probable Cause at 26015 Haynes Settlement Road, Springfield, LA.   This residence is next door to the residence of Jody Walker and his grandparents as stated above.

33.

Bryan Gibbs joined Facebook in November 2009.  Jody Walker was listed among the 73 friends he added to his Facebook account in 2009.

34.

Thus, Bryan Gibbs and Jody Walker clearly knew each other prior to the February 21, 2011, "accident."

35.

With regard to Brandon Gibbs, on March 29, 2009, as discussed above, two years before the incident that resulted in the Tangipahoa suit, Brandon Gibbs was a passenger in a vehicle driven by Jody Walker when they were involved in an accident that resulted in Brandon Gibbs bringing a personal injury claim.

36.

In Jody Walker's deposition, taken after overwhelming evidence had been discovered that he knew all of the plaintiffs in the Tangipahoa suit prior to that "accident," Walker admitted that he had known Brandon Gibbs for most of his life. Walker admitted that he and Brandon Gibbs talked very frequently on the phone both prior and subsequent to the February 21, 2011, "accident."

37.

Thus, Brandon Gibbs and Jody Walker clearly knew each other prior to the February 21, 2011, "accident."

38.

With regard to Jonathan Norman.  Norman's mother, Daisy Norman, is the sister of Charlene Norman.  Charlene Norman is the wife of Jody Walker's father, Robert Norman.  As such, Jonathan Norman and Jody Walker are first cousins by marriage.

39.

In Jody Walker's deposition, taken after overwhelming evidence had been discovered that he knew all of the plaintiffs in the Tangipahoa suit prior to that "accident," he admitted that he had known Jonathan Norman all of his life. Walker admitted that he and Jonathan Norman talk every day.

40.

Thus, Jonathan Norman and Jody Walker clearly knew each other prior to the February 21, 2011, "accident."

41.

The AT&T cell phone records of Brandon Gibbs, Bryan Gibbs, Treneka Young, and Jody Walker obtained in discovery in the Tangipahoa suit further confirm that the members of the Gibbs Family Enterprise knew each other and communicated frequently prior to the February 21, 2011, "accident."   The AT&T records show numerous calls between Jody Walker, Brandon Gibbs, and Jonathan Norman prior to, and subsequent to, the alleged "accident."  These records also evidence calls between plaintiff-driver, Bryan Gibbs and Jody Walker although Bryan

Gibbs' testimony clearly states that he didn't even know the driver of the Jim Carey Distributing Truck.

42.

On June 26, 2013, defendant/Jody Walker, while he was incarcerated at FIC Pollock Correction Institution, executed an affidavit in which he admitted that he knew Brandon Gibbs, Bryan Gibbs, & Treneka Young before the accident that occurred in Covington, LA.

43.

Thus, evidence clearly establishes that the members of the Gibbs Family Enterprise knew each other prior to the February 21, 2011, "accident."

44.

Despite their obvious relationships prior to the February 21, 2011, "accident," each plaintiff in the Tangipahoa suit denied under oath that they knew Jody Walker prior to that date.

45.

Bryan Gibbs, plaintiff/driver, denied in his October 30, 2012 deposition that he knew the other driver (Jody Walker) before the "accident" and that he was ever friends with the other driver before the "accident."

46.

Plaintiff in the Tangipahoa suit, Brandon Gibbs was also a passenger in the plaintiff's vehicle at the time of the alleged accident.  In the December 12, 2012 deposition of Brandon Gibbs when asked about his relationship or knowledge of the defendant/driver, Jody Walker, Mr. Gibbs testified and denied knowing him.

47.

The defendants and Jody Walker knew each other prior to the accident of February 21, 2011, despite their sworn deposition testimony to the contrary.

48.

Hanover avers that the plaintiffs in the Tangipahoa suit have intentionally concealed their prior relationship with Jody Walker. Combined with the pattern of prior suspicious accidents and claims, Hanover circumstantially shows that the accident that is the subject of the Tangipahoa suit was no "accident" at all.  It was an intentional collision or non-collision, as the deposition testimony of all plaintiffs and Mr. Walker reflect that the vehicles were moved and orchestrated by the parties to commit fraud in order to fraudulently collect insurance benefits.  There were no other witnesses whatsoever identified in connection with the alleged motor vehicle accident.

49.

On February 21, 2011, Jody Walker was driving a commercial vehicle owned by his then-employer, Jim Carey Distributing Company, northbound on Hwy 21 in Covington, Louisiana, when he allegedly rear-ended a vehicle containing Bryan Gibbs, Brandon Gibbs, Treneka Young, and Jonathan Norman.  Hanover avers that upon information and belief, this accident was staged by the Gibbs Family Enterprise.

50.

On the day of the alleged accident alone, February 21, 2011, prior to the time of the subject "accident," Jody Walker spoke to Brandon Gibbs on the phone at least 12 times commencing at 6:29 am with a call from Mr. Walker (985) 351-7518 to Brandon Gibbs (985) 351-9660 and ending on that date alone at 9:09 p.m. with a call from Walker to Brandon Gibbs. Additionally, Jody Walker spoke to Jonathan Norman at least 14 times on the date of the alleged

accident commencing at 8:02 a.m. when Mr. Norman (985) 974-8011 called Mr. Walker's cell (985) 351-7518 until their last call at 6:39 p.m. These calls constitute predicate acts for purposes of 18 U.S.C. 1961, et seq.

51.

The police report of the alleged accident reflects the time of the alleged accident at 13:05 a/k/a 1:05 p.m.  Jonathan Norman and Jody Walker spoke with each other on date of the subject "accident," only eight minutes before the alleged accident when Mr. Norman called Mr. Walker from cell to cell commencing at 12:53 pm. These calls constitute predicate acts for purposes of 18 U.S.C. 1961, et seq.

52.

According to the police report, the subject accident occurred at 1:05 PM on February 21, 2011.  Brandon Gibbs' phone records show that he called 911 at 1:01 PM.  That call lasted 2 minutes and 17 seconds. At the same time, Jody Walker called Jonathan Norman and spoke to him for 17 seconds.  As such, while Brandon Gibbs was reporting the subject accident, Jody Walker was on the phone with a passenger in Gibbs' vehicle, Walker's cousin Jonathan Norman. These calls constitute predicate acts for purposes of 18 U.S.C. 1961, et seq.

53.

The calls continued after the subject accident was reported.  According to the police report, the investigating officer arrived at 1:13 PM.  At 1:10 PM, Jody Walker again called Jonathan Norman and spoke to him for two minutes and 11 seconds. Thus, they terminated their call either just before or as the investigating officer arrived.  Jody Walker spoke to Jonathan Norman seven more times and Brandon Gibbs three more times on the date of the alleged accident. These calls constitute predicate acts for purposes of 18 U.S.C. 1961, et seq.

13

54.

In the days following the alleged accident, the communication continued. Jody Walker spoke to Brandon Gibbs at least 12 times in the three days following. Walker also spoke to Jonathan Norman at least 18 times in that same three day period. These calls constitute predicate acts for purposes of 18 U.S.C. 1961, et seq.

55.

After returning the vehicle to Jim Carey Distributing Company following the "accident," Jody Walker failed to ever return to work again for the company, quitting his job with the company without notice.

56.

In February 2011, defendants submitted a claim to Hanover alleging an accident that involved Bryan Gibbs, Brandon Gibbs, Treneka Young, Jody Walker and Jonathan Norman. This is the claim that forms the basis for Hanover's claim against defendants herein.

57.

Hanover had issued a policy of commercial general automobile liability insurance to Jim Carey Distributing Company effective on the date of the alleged accident. However, there can be no liability to either Hanover or Jim Carey Distributing Company under these circumstances, where the Tangipahoa plaintiffs and Walker staged the "accident."

58.

Hanover avers that the defendants formed an enterprise in which they conspired together to defraud Hanover of insurance payments, and have used the United States mail and interstate communications to affect their conspiracy.

59.

Hanover avers that the claimants, through their attorneys, also committed the following predicate acts which constitute mail fraud under 18 U.S.C. 1341 and wire fraud under 18 U.S.C. 1343:

a.   March 2, 2011- telephone call from claimants' attorney Robert Evans to Hanover claims, Lisa Ann Beckman, giving notice of the alleged loss;

b.   March 3, 2011- telephone call from Jody Walker to Hanover claims, Yvette McKinney, wherein Jody Walker asserts liability for the alleged accident;

c.   March 4, 2011, telephone call from claimant Bryan Gibbs to Hanover claims, Matthew Dowler, claiming a separated shoulder due to the alleged accident;

d.   June 19, 2011, three facsimile transmissions, also sent through the U.S. mail, from claimants' attorney Robert Evans, to Hanover staff counsel, Leon Crist, including settlement demands on behalf of Bryan Gibbs, Treneka Young, and Brandon Gibbs;

e.   March 7, 2012, settlement agreement signed by Norman mailed to Hanover Claims.

## COUNT I – FRAUD

60.

The allegations of paragraphs 1-59 are incorporated herein.

Plaintiff alleges that the defendants formed an enterprise to defraud Hanover of insurance benefits by deliberately and falsely informing complainant that an "accident" occurred involving bodily injury which is the subject of the Tangipahoa suit. The defendants conspired to stage an "accident".

61.

Defendants have given statements under oath in which they allege that they were not acquainted with one another, nor had they any communications before the accident of February 21, 2011, when in fact the defendants had a long history and pattern of conduct involving insurance claims, and uncorroborated or unwitnessed "accidents."  These misrepresentations were made solely to defraud Hanover and constitute a violation of 18 U.S.C. 1341.

62.

In the course of the Tangipahoa suit, multiple fraudulent transmissions have been presented to Hanover through the United States mail in furtherance of the conspiracy to defraud, and in violation of 18 U.S.C. 1341.  Further, facsimile transmissions and telephone transmissions were made in the course of a criminal conspiracy to defraud, and violated 18 U.S.C. 1343. These violations are continuing and ongoing.

63.

Between March 2, 2011 and continuing through the present date the defendants gave false statements to Hanover indicating that the Tangipahoa suit was the result of an "accident." Furthermore, defendant Norman filed a lawsuit entitled "*Norman vs. Hanover Insurance Co.*, et al," No. 2012-231 "H" on the docket of the 21st Judicial District Court for the Parish of Tangipahoa. Norman's fraudulent representations caused Hanover, prior to further investigation, to settle Norman's fraudulent lawsuit for $7,300.00.  These statement and transmissions referred to in Paragraph 38 constitute predicate acts for the purposes of 18 U.S.C. 1961, *et seq*

**COUNT II - CONSPIRACY TO DEFRAUD**

64.

Paragraphs 1-59 above are re-alleged and incorporated herein by reference.

16

The above acts constitute a conspiracy to form an enterprise to defraud Hanover under 18 U.S.C. 1961, et seq.

## COUNT III - RACKETEERING

65.

Paragraphs 1-59 are incorporated herein by reference.

The above acts alleged herein constitute a pattern of racketeering and a criminal enterprise formed by two or more individuals to defraud Hanover, and involve the use of the United States mail and wire/facsimile transmissions to effectuate same.  As such, these acts violate 18 U.S.C. §1951, 1961 *et seq.*

66.

Paragraphs 1-59 are incorporated herein by reference.

The pattern of racketeering and a criminal enterprise have to date resulted in payments to the enterprise from insurance companies and other parties totaling more than $85,000 to date.

67.

Defendants prosecuted fraudulent claims against various automobile insurance carriers through means of the United States mail, private interstate mail carriers, facsimile transmissions and telephonic communications, in violation of 18 USC 1341 and 1343

68.

Hanover also alleges an ancillary and pendent state law claim for fraud under Louisiana Civil Code Article 1953, and for rescission of the fraudulent settlement with defendant Norman, return of the settlement amount of $7,300.00 and for attorney's fees in bringing this action under Louisiana Civil Code Article 1958.

69.

The defendants have continued to pursue these claims despite knowledge that the claims are fraudulent. Therefore, there is no reason to believe that these criminal activities will cease absent a ruling on these RICO violations.

70.

Plaintiff has been damaged, and continues to sustain damage, as a result of the criminal enterprise alleged herein. Plaintiff prays for recovery of the $7,300.00 erroneously paid to Norman, and attorney's fees and costs, past and future, both as to this action, and those attorney's fees and costs incurred in the Civil Action entitled "*Bryan Gibbs, Brandon Gibbs and Treneka Young vs. The Hanover Insurance Company, Jim Carey Distributing Company and Jody Walker*", No. 2011-0004151 on the docket of the Twenty First Judicial District Court for the Parish of Tangipahoa, which currently are approximately $225,000 and increasing, and treble damages pursuant to 18 U.S.C. 1964.

71.

Plaintiff prays for trial by jury.

**WHEREFORE**, plaintiff Hanover American Insurance Company, prays that the defendants be served and after all due delays, and after trial by jury, be held liable for fraud, conspiracy to defraud and racketeering, all in violation of 18 U.S.C. 1961, *et seq*., and Louisiana law, that judgment be rendered in favor of plaintiff and against defendants *in solido* for return of the $7,300.00 fraudulently obtained by defendants; that defendants be cast *in solido* for all attorney's fees and costs incurred by plaintiff in defending the underlying state court Tangipahoa

tort action, and also all attorney's fees incurred by plaintiff in this action, and that defendants be cast for treble damages, *in solido*.

Respectfully submitted,

UNGARINO & ECKERT, LLC

_____
*WAYNE R. MALDONADO (#19076)*
**JAMES M. BENSON (#23647)**
**DANIEL G. COLLARINI (#29128)**
**Suite 1280 Lakeway Two**
**3850 North Causeway Boulevard**
**Metairie, Louisiana  70002**
**Telephone:** *(504) 836-7554*
**Fax:**        (504) 836-7554
**Email:**      wmaldonado@ungarino-eckert.com

19