UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HANOVER AMERICAN INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO: 15-559 |
| BRYAN GIBBS, BRANDON GIBBS, TRENEKA YOUNG, JONATHAN NORMAN AND JODY WALKER | SECTION: "S" (2) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by defendant, Bryan Gibbs (Doc. #14), is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by defendant, Brandon Gibbs (Doc. #24), is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by defendant, Treneka Young (Doc. #25), is **DENIED**.

## BACKGROUND

This matter is before the court on motions to dismiss filed by defendants, Bryan Gibbs, Brandon Gibbs and Treneka Young.[1]

On February 21, 2011, Brandon Gibbs, Young and Jonathan Norman were passengers in a Ford F-150 driven by Bryan Gibbs. The Ford F-150 was hit from behind by a vehicle operated by Jody Walker, which was owned by his employer, Jim Carey Distributing Company, and insured by plaintiff, Hanover American Insurance Company. The accident occurred on Highway 21 in Covington, Louisiana.

---

[1] Bryan Gibbs filed his motion to dismiss with the assistance of counsel. Doc. #14. Brandon Gibbs and Treneka Young are both proceeding pro se, and filed exact copies of Bryan Gibbs' motion to dismiss as their own motions to dismiss. Docs. #24, 25.

On December 16, 2011, Brandon Gibbs, Bryan Gibbs and Young sued Hanover, Jim Carey Distributing and Walker in the Twenty-First Judicial District Court, Parish of Tangipahoa, State of Louisiana, Civil Action No. 2011-0004151, alleging claims for damages resulting from the February 21, 2011, motor vehicle accident.[2] On April 3, 2013, the state district court granted a motion for summary judgement filed by Brandon Gibbs, Bryan Gibbs and Young finding that Walker was at fault for the accident. After the motion was granted, Hanover and Jim Carey Distributing obtained records showing that the defendants had been involved in numerous motor vehicle accidents, and had known Walker for years. On August 13, 2013, Hanover and Jim Cary Distributing filed a motion to reverse the judgment on the motion for summary judgment, arguing that the accident was staged and Brandon Gibbs', Bryan Gibbs' and Young's claims were fraudulent. At the October 21, 2013, hearing on that motion, the court noted that its ruling on the summary judgment was final, and could not be reversed.[3] On June 30, 2014, the state district court denied Hanover's and Jim Carey Distributing's motion to reverse the grant of summary judgment against Walker, but conditioned such order "upon a finding by the jury that Jody Walker did not conspire with the plaintiffs to commit fraud." The court also ordered that "in the event the jury does not find the accident was staged, defendant Jim Carey Distributing Company is vicariously liable for the negligence of Jody Walker, and defendant The Hanover Insurance Company is contractually liable to provide coverage for the subject accident." Trial in that matter is scheduled for sometime in 2016.

---

[2] Norman settled with Hanover prior to suit being filed.

[3] Hanover claims that it and Jim Carey Distributing sought an Application for Supervisory Writs with the Louisiana Court of Appeal, First Circuit Court. There is no documentation in the record regarding such writ.

On November 13, 2013, Hanover and Jim Carey Distributing filed a Petition to Annul Judgment on Motion for Summary Judgment and to Annul/Rescind the Settlement with Jonathan Norman in Twenty-First Judicial District Court, Parish of Tangipahoa, State of Louisiana, Civil Action No. 2011-0004151.  In that petition, Hanover and Jim Carey Distributing argue that the judgment finding Walker at fault for the accident and Hanover's settlement with Norman were obtained by fraud.  Hanover and Jim Carey Distributing allege the same facts regarding Bryan Gibbs', Brandon Gibbs', Young's, Norman's and Walker's prior accidents and relationships with each other that are alleged by Hanover in this federal suit.

On February 20, 2015, Hanover filed this action in the United States District Court for the Eastern District of Louisiana against Bryan Gibbs, Brandon Gibbs, Young, Norman and Walker, alleging that defendants committed fraud, conspired to commit fraud, and violated the Racketeering Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. § 1961, by staging the February 21, 2011, motor vehicle accident to collect insurance proceeds.  Hanover alleges that Brandon and Bryan Gibbs are cousins, Young is Bryan Gibbs' girlfriend, Walker is a friend and neighbor, and Jonathan Norman is a friend and cousin to Walker.

From December 2002 through March 2014, Brandon Gibbs was allegedly involved in fifteen motor vehicle accidents that resulted in insurance claims being made on his behalf.  From April 2005 through February 2011, Bryan Gibbs was involved in three motor vehicle accidents that resulted in insurance claims.  From April 2005 through February 2011, Young was involved in six motor vehicle accidents that resulted in insurance claims.  Hanover's complaint explains the facts and circumstances surrounding several of the motor vehicle accidents to show how each of the defendants was involved in numerous accidents together, and the similarities among the incidents.

3

Bryan Gibbs, Brandon Gibbs and Young filed motions to dismiss arguing that Hanover's claims are barred by res judicata, and that Hanover failed to state a cause of action under RICO.[4] Hanover opposes the motions arguing that res judicata does not apply because there is no final judgment in the state court, and that it has sufficiently pleaded a cause of action under RICO.

**ANALYSIS**

**A.     Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)).  A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 127 S.Ct. at 1965.  The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008).  However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 129 S.Ct. at 1949-50.

---

[4] Defendants also argue exceptions of lis pendens and prematurity and under Louisiana Code of Civil Procedure articles 925 and 926, respectively.  The Federal Rules of Civil Procedure, not Louisiana procedural rules, govern this action. Fed. R. Civ. P. 1.  Therefore, the exceptions of lis pendens and prematurity need not be analyzed.

**B.      Res Judicata**

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Oreck Direct, LLC v. Dyson, Inc., 560 F.3d 398, 401 (5th Cir. 2009) (internal quotations and citations omitted). "Res judicata insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." Id.

Under federal law, a judgment precludes future actions on the basis of res judicata when: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and, (4) the same claim or cause of action was involved in both actions. Frank C. Minville LLC v. Atl. Refining Co., 337 Fed. Appx. 429, 435 (citing Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005)). The party asserting that res judicata applies has the burden of proving that preclusion is appropriate. See Memphis-Shelby Cnty. Airport Auth. v. Braniff Airways, Inc., 783 F.2d 1283, 1289 (5th Cir. 1986).

Res judicata is inapplicable because there is no final judgment regarding the issues pertinent to this case. Particularly, there is no finding in the state court that the defendants in this action committed fraud, conspired to commit fraud or violated the federal RICO statute. The defendants argue that the state court's order finding Walker to be at fault for the February 21, 2011, motor vehicle accident provides the basis for the application of res judicata. However, that ruling is not determinative of the issues presented in this case regarding the defendants' alleged fraud, conspiracy to commit fraud and RICO violations. Therefore, Bryan Gibbs', Brandon Gibbs' and Young's motions to dismiss are DENIED as to the application of res judicata.

**C.   RICO**

Bryan Gibbs, Brandon Gibbs and Young argue that Hanover has not alleged a RICO claim because it has not alleged any predicate acts, failed to adequately define a separate "enterprise," and cannot allege an injury because it has not proved fraud in the state-court litigation.

"RICO both protects a legitimate 'enterprise' from those who would use unlawful acts to victimize it . . . and also protects the public from those who would unlawfully use an 'enterprise' (whether legitimate or illegitimate) as a 'vehicle' through which unlawful ... activity is committed." Cedric Kushner Promotions, Ltd. v. King, 121 S.Ct. 2087, 2092 (2001) (citations omitted). "RICO creates a civil cause of action for any person injured in his business or property by reason of a violation of section 1962." St. Paul Mercury Ins. Co. v. Williamson, 224 F.3d 425, 439 (5th Cir. 2000) (internal quotation and citation omitted). Thus, a plaintiff must establish injury and causation to have standing to bring a RICO claim. Price v. Pinnacle Brands, Inc., 138 F.3d 602, 606 (5th Cir. 1998).

Bryan Gibbs, Brandon Gibbs and Young argue that Hanover does not have standing to pursue a RICO claim. They contend Hanover cannot plead proximate causation without a finding by a jury that the accident was staged because Hanover has not proved that it was harmed by their alleged fraud.

Hanover has pleaded that it was harmed by having to pay attorneys' fees to defend against the state-court litigation that defendants herein filed against it regarding the February 21, 2011, motor vehicle accident, and by paying a settlement to Norman regarding that accident. Hanover has also pleaded that the accident was staged and all of the claims against it are fraudulent. Therefore,

6

Hanover has adequately pleaded that it suffered an injury that was caused by defendants' actions, and it has standing to pursue the RICO claim.

Section 1962(c) provides, in pertinent part, that:

> it shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c).  Section 1962(d) makes it unlawful "for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."[5] Id. at § 1962(d).  "Section 1962(d), unlike § 1962(c) is not a substantive RICO offense; rather § 1962(d) merely makes it illegal to conspire to violate any of the preceding sections of the statute." United States v. Quintanilla, 2 F.3d 1469, 1484 (7th Cir.1993).

To state a RICO claim under any of the four subsections of § 1962, there must be "(1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise." St. Paul Mercury Ins. Co., 224 F.3d at 439 (internal quotation and citation omitted). Bryan Gibbs, Brandon Gibbs and Young argue that Hanover inadequately pleaded a RICO enterprise and a pattern of racketeering activity.

### 1. RICO Enterprise

A RICO "enterprise" is "a group of persons associated together for a common purpose of engaging in a course of conduct." United Sates v. Turkette, 101 S.Ct. 2524, 2528 (1981). Section

---

[5] Subsection 1962(a) prohibits a person from investing income derived from a pattern of racketeering activity in an enterprise that is engaged in or affecting interstate or foreign commerce. 18 U.S.C. § 1962(a). Subsection 1962(b) prohibits a person from using a pattern of racketeering activity to gain an interest in or control of an enterprise engaged in or affecting interstate of foreign commerce. Id. at § 1962(b). Neither of these subsection apply to this case.

7

1961(4) defines "enterprise" as including: "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The Supreme Court of the United States has explained that an association-in-fact enterprise is:

> simply a continuing unit that functions with a common purpose. Such a group need not have a hierarchical structure or a 'chain of command'; decisions may be made on an ad hoc basis and by any number of methods — by majority vote, consensus, a show of strength, etc. Members of the group need not have fixed roles; different members may perform different roles at different times. The group need not have a name, regular meetings, dues, established rules and regulations, disciplinary procedures, or induction or initiation ceremonies. While the group must function as a continuing unit and remain in existence long enough to pursue a course of conduct, nothing in RICO exempts an enterprise whose associates engage in spurts of activity punctuated by periods of quiescence. Nor is the statute limited to groups whose crimes are sophisticated, diverse, complex, or unique; for example, a group that does nothing but engage in extortion through old-fashioned, unsophisticated, and brutal means may fall squarely within the statute's reach.

Boyle v. United States, 129 S.Ct. 2237, 2245-46 (2009) (criminal case). Further, "an association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." Id. at 2244.

Hanover sufficiently alleges an enterprise. It alleges the relationships among the individuals associated with the enterprise, the purpose of the enterprise to stage motor vehicle accidents to collect insurance proceeds, and longevity in that, as early as April 2005, three of the defendants were involved in the same motor vehicle accident that resulted in insurance claims. Hanover also alleges that there were other motor vehicle accidents over the years resulting in insurance claims that involved at least two of the defendants.

### 2. Pattern of Racketeering Activity

"A pattern of racketeering activity requires two or more predicate acts and a demonstration that the racketeering predicates are related and amount to or pose a threat of continued criminal activity." St. Paul Mercury Ins. Co., 224 F.3d at 441. Section 1961(1) enumerates the acts that constitute "racketeering activity," which includes "any act which is indictable under . . . title 18 section 1341 (relating to mail fraud), [or] section 1343 (relating to wire fraud)." 18 U.S.C. § 1961(1).

Hanover has alleged a pattern of racketeering activity. It alleges that the defendants used the mail and telephone or facsimile on more than two occasions to communicate with their attorneys to pursue insurance claims related to the allegedly staged motor vehicle accidents. Hanover also alleges that this activity has continued over a long period and will continue. Therefore, Hanover has adequately alleged a RICO claim, and Bryan Gibbs, Brandon Gibbs' and Young's motions to dismiss are DENIED as to Hanover's RICO claims.

### D.  Colorado River Abstention Doctrine[6]

Pursuant to the Colorado River abstention doctrine, a district court may stay or dismiss a federal suit when there is a parallel suit pending in state court. Colorado River Water Conservation Dist. v. United States, 96 S.Ct. 1236 (1976). A federal court may use the Colorado River doctrine to abstain only under "exception circumstances," because it "is a narrow exception to a federal court's 'virtually unflagging' duty to adjudicate a controversy that is properly before it." African Methodist Episcopal Church v. Lucien, 756 F.3d 788, 797 (5th Cir. 2014) (citations omitted). A

---

[6] Bryan Gibbs, Brandon Gibbs and Young do not specifically argue for the application of the Colorado River abstention doctrine. However, Hanover construes the defendants' arguments regarding the Louisiana procedural law exception of lis pendens as seeking abstention. Regardless, the court may raise the application of Colorado River abstention sua sponte. Murphy v. Uncle Ben's, Inc., 168 F.3d 734, 737 n. 1 (5th Cir. 1999).

decision to abstain "must be based on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Id. (quotations and citations omitted).

### 1. Parallelism

Determining whether the federal action and state action are sufficiently parallel is the first step to determining whether abstention is proper under the Colorado River doctrine. Id. "Parallel actions are those involving the same parties and the same issues." Id. (quotations and citations omitted). However, the "precise identity" of parties and issues is not necessarily required. Id. Instead, the court "look[s] both to the named parties and to the substance of the claims asserted in each proceeding." Id.

In this case, the parties are not identical. Norman is not a party to the underlying state-court action, and Walker is one of Hanover's co-defendants in that action. Also, Jim Carey Distributing is a defendant in the underlying state-court action, and a petitioner in the action to nullify the judgment finding Walker at fault and to rescind the settlement with Norman. However, the substance of the claims demonstrates that the underlying state-court suit and this federal suit are parallel. All of the defendants in this federal action, except Walker, made claims against Hanover for insurance proceeds regarding the February 21, 2011, motor vehicle accident. Norman's interests are aligned with those of Bryan Gibbs, Brandon Gibbs and Young because Hanover seeks to rescind its settlement with him. Further, Walker's alleged participation in staging the accident is at issue in both suits. Jim Carey Distributing's interest is aligned with Hanover's because Hanover is contractually liable for any claims against Jim Carey Distributing. Therefore, the actions are sufficiently parallel.

**2. Colorado River Factors**

To determine whether "exceptional circumstances" exist so as to justify application of the Colorado River abstention doctrine, the court examines six factors:

> (1) assumption by either court of jurisdiction over a res; (2) relative inconvenience of the forums; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

Id. at 798 (quoting Stewart v. W. Heritage Ins. Co., 438 F.3d 488, 491 (5th Cir. 2006)).  The Supreme Court of the United States has noted that "[t]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply to a given case, which the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 103 S.Ct. 927, 937 (1983).

The first factor, jurisdiction over a res, is absent because the case does not involve any res or property over which any court has taken control. Murphy, 168 F.3d at 738. "[T]he absence of this first factor weighs against abstention." Id.

The second factor, relative inconvenience of the fora, weighs slightly in favor of abstention. This factor "primarily involves the physical proximity of [each] forum to the evidence and witnesses." African Methodist Episcopal Church, 756 F.3d at 800 (quoting Evanston Ins. Co. v. Jimco, Inc., 844 F.2d 1185, 1191 (5th Cir. 1988)). Hanover alleges that the defendants live in either Tangipaoha Parish, or the adjacent parish to the west, Livingston Parish. The February 21, 2011, motor vehicle accident occurred in St. Tammany Parish, which is adjacent to Tangipaoha Parish on the east. All of these locations are closer to the Twenty-First Judicial District Court, Parish of

Tangipahoa, State of Louisiana than they are to the federal courthouse in New Orleans, Louisiana where the United States District Court for the Eastern District of Louisiana is located. Thus, the distance makes the federal forum slightly less convenient. See id. (finding that the distance between Tangipahoa Parish and New Orleans made the Twenty-First Judicial District Court, Parish of Tangipahoa, State of Louisiana a slightly more convenient forum when witnesses and evidence were located in Tangipahoa Parish).

The third factor, the avoidance of piecemeal litigation, weighs against abstention. "The real concern at the heart of the third Colorado River factor is the avoidance of *piecemeal* litigation, and the concomitant danger of inconsistent rulings . . .: Id. (quoting Black Sea Inv., Ltd. v. United Heritage Corp., 204 F.3d 647, 650-51 (5th Cir. 2000)). The federal and state court litigation involve different issues. As discussed above, the federal court action concerns allegations of fraud, conspiracy to commit fraud and violations of the federal RICO statute. At most, the state-court litigation involves the issue of whether the February 21, 2011, accident was staged. The allegations encompassed by the federal litigation have a much wider scope and are not necessarily impacted by the outcome in the state-court litigation. Therefore, there is no danger of piecemeal litigation.

The fourth factor, the sequence in which jurisdiction was obtained, is neutral. This factor "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Id. (quoting Moses H. Cone, 103 S.Ct. at 940). The state court action was filed on December 16, 2011. Summary judgment motions have been decided, and the matter is set for trial in 2016. This federal action was filed more than three years later, on February 20, 2015. Although there is no scheduling order because issue has not been joined

and the parties have yet to engage in discovery, the status of this court's docket allows for the case to be set for trial in 2016, just as the state court action.

The fifth factor, whether and to what extent federal law controls th merits of the decision, weighs against abstention. Hanover has alleged a federal cause of action under RICO.

The sixth factor, the adequacy of the state proceedings to protect Hanover's rights, is neutral. This factor can only be neutral or weigh against abstention, it cannot weigh in favor of abstention. Id. at 801. Here, there is no indication that Hanover's rights would not be adequately protected in the state court. Hanover has an opportunity to present its case that the accident was staged to the jury for determination. Further, Hanover can appeal any adverse decisions in the state courts.

In sum, three of the Colorado River factors against abstention, one weighs in favor of abstention, and two are neutral. The weighing of the factors shows that abstention is not warranted in this case, and it will proceed.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by defendant, Bryan Gibbs (Doc. #14) is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by defendant, Bryan Gibbs (Doc. #24) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by defendant, Treneka Young (Doc. #25) is **DENIED**.

New Orleans, Louisiana, this __13th__ day of October, 2015.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**